WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Aguilar, | No. 10-0528-TUC-BPV |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, Ramon Aguilar, suffers from the impairments of right shoulder pain, knee pain, hand pain, carpal tunnel syndrome and diabetes mellitus type II. In addition, Plaintiff suffers from hypertension, asthma and depression. Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on September 4, 2007, alleging disability since August 20, 2007. Tr. 118-29. The applications were denied initially, (Tr. 52-53), on reconsideration (Tr. 54-55), and after an administrative hearing before an Administrative Law Judge (ALJ) held on June 11, 2009 (Tr. 7-51). The ALJ issued a written decision on July 23, 2009, finding Plaintiff, age 53 at the time of decision, not disabled within the meaning of the Social Security Act. Tr. 15-25. This decision became the final decision for purposes of judicial review under 42 U.S.C. § 405(g) when the Appeals Council denied review. Tr. 1-6.

Plaintiff now brings this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. §§ 405(g). The United States Magistrate Judge has received the written consent of both parties, and, accordingly,

presides over this case pursuant to 28 U.S.C. § 636 (c) and Fed.R.Civ.P. 73.

After considering the record before the Court and the parties' briefing of the issues, the Court affirms Defendant's decision.

## I.   STANDARD OF REVIEW

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court will set aside a denial of benefits only if the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984) (citing *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982), *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir, 1982)); 42 U.S.C. § 405(g)). In determining whether there is substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## II.   DISCUSSION

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) he has not worked since the alleged disability onset date, (2) he has a severe impairment, and (3) his impairment meets or equals a listed impairment or (4) his residual functional capacity (RFC) precludes him from performing his past work. At step five, the Commissioner must show that the claimant is able to perform other work. *See* 20 C.F.R. §§ 404.1520, 416.920.

Plaintiff has met his burden. He has not worked since August 20, 2007. Tr. 17, ¶ 2. He has five severe impairments: right shoulder pain; knee pain; hand pain; carpal tunnel syndrome; and diabetes mellitus type II. Tr. 17, ¶ 3. While those impairments do not meet or equal a listed impairment (Tr. 19, ¶ 4), they do preclude Plaintiff from performing his past work as a construction laborer and as a mine mill supervisor (Tr. 23, ¶ 6). At step

five, the ALJ concluded that Plaintiff is not disabled because he has the RFC to perform a range of light work with some limitations in lifting, working above shoulder height, and exposure to dust fumes and gases, and, considering Plaintiff's age, education, work experience and RFC, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 20-25, ¶¶ 5, 9[2][1]-10.

Plaintiff contends that the ALJ erred by failing to give controlling weight to the treating physician's RFC assessment; failing to find Plaintiff disabled under Rule 202.01 of the Medical Vocational Guidelines (Grids); and failing to remand the claim for consideration of new and material evidence in the form of an award of benefits in a subsequently filed claim. (Doc. 17) Defendant contends that the ALJ did not err and that the ALJ's decision is supported by substantial evidence. (Doc. 18)

The medical evidence of record indicates Plaintiff was treated at El Rio Health Center by primary care physicians Dr. Lisa Soltani from August 2006 to October 2008, and Dr. Rama Dasari from January to April, 2009. Tr. 266-299, 388-394, 420-456.

Dr. Dasari completed an RFC opining that Plaintiff could lift and carry less than 10 pounds, sit and walk for less than one hour each at a time (for less than a total of two hours each in an eight-hour day), and sit for more than two hours at a time (for less than six hours total in an eight-hour day). Tr. 417.  Dr. Dasari also indicated that Plaintiff's limitations included the requirement that he lie down during the day and alternate sitting and standing. *Id*. The ALJ considered the treating source opinion, but gave limited weight to the opinion, finding it "too restrictive in light of the medical evidence and not well supported by treating records and other clinical reports." *Id*.

In support of his argument, Plaintiff relies on new evidence submitted to the Appeals Council consisting of a letter written by Plaintiff's attorney (Tr. 458); medical records from the emergency department at University Physicians Hospital from

---

[1] The ALJ's memorandum decision contains two paragraphs numbered 9. The Court will refer to them as paragraphs 9[1] and 9[2] sequentially.

December 1, 2009, describing admission of Plaintiff for chest pain, a subsequent cardiac catheterization, and diagnosis of coronary artery disease, unstable angina, right-sided pectoral chest pain, diabetes mellitus 2, and hypertension (Tr. 460-66). Plaintiff further relies on the additional treatment records from December, 2009, consisting of a physical therapy order for lower back pain and peripheral neuropathy (Tr. 471); a prescription for Fenofibrate to reduce blood cholesterol (Tr. 468); and a third party letter from Plaintiff's daughter indicating that, in addition to his other diagnoses, she has been told that her father has second stage dementia. (Tr. 475).   Plaintiff maintains that "his current conditions were a direct result of his diabetes mellitus, which is now affecting his heart and brain." (Doc. 17, at 7.)

The Government responds, first, that additional evidence submitted to the Appeals Council after the ALJ's decision should be considered only under sentence six of 42 U.S.C. § 405(g), citing *Mayes v. Massanari*, 276 F.3d 453 (9th Cir. 2001). *Mayes*, however, addressed a Plaintiff's request to remand a case to the ALJ for consideration of new evidence, and did not address the distinction between a sentence four claim of substantive error based on new evidence and a sentence six request for consideration of new evidence. Section 405(g) "authorizes district courts to review administrative decisions in Social Security benefit cases." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). If a claimant is not asking for a substantive ruling, but only for a remand to consider new evidence, it is a sentence six remand and good cause must be shown. If claimant is seeking a substantive ruling on alleged errors in the decision, it is under sentence four of section 405(g). As to Plaintiff's first argument, that the ALJ improperly weighed Dr. Dasari's opinion, Plaintiff is seeking a substantive ruling on an alleged error in the decision, and this issue is reviewed under sentence four of section 405(g). Plaintiff's brief requesting a sentence four reversal and award of benefits supports this interpretation. *See* Doc. 17, at 11.

Applicable regulations provide that, if "new and material evidence is submitted,"

1   the Appeals Council "shall evaluate the entire record including the new and material

2   evidence submitted if it relates to the period on or before the date of the administrative

3   law judge hearing decision.  It will then review the case if it finds that the administrative

4   law judge's action, findings, or conclusion is contrary to the weight of the evidence

5   currently of record." 20 C.F.R. § § 404.970(b), 416.1470(b).

6       The Appeals Council considered the additional material submitted, which

7   concerns medical treatment and additional diagnoses and third party statements received

8   after July 23, 2009, the date of the ALJ's decision denying benefits in this case, and

9   concluded the "additional evidence … does not provide a basis for changing the

10  Administrative Law Judge's decision." Tr. 2. Where the claimant submits evidence after

11  the ALJ's decision and the Appeals Council specifically considers that evidence, "we

12  consider the rulings of both the ALJ and the Appeals Council," and the record for review

13  includes the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir.1993); 20

14  C.F.R. § 404.970(b) (providing that the Appeals Council shall evaluate the entire record,

15  including new relevant evidence); s*ee also Vasquez v. Astrue*, 572 F.3d 586, 595 n.7 (9th

16  Cir. 2009)("Because this evidence was submitted to and considered by the Appeals

17  Council, and is part of the administrative record, this Court may consider it in reaching its

18  final decision even though the ALJ did not have the benefit of this information during the

19  initial hearing."); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007) (quoting

20  *Ramirez*, court considers new evidence presented to the Appeals Council); *Harman v.*

21  *Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000)("We properly may consider the additional

22  material because the Appeals Council addressed them in the context of denying

23  appellant's request for review."); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir.

24  1996)("Although the Appeals Council affirmed the decision of the ALJ denying benefits

25  to Gomez, this evidence is part of the record on review to this court."). If the new

26  evidence is material, then we must remand the case to the ALJ for reconsideration. *Booz*

27  *v. Secretary of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir.1984). The new

28

evidence is material if there is a "reasonable possibility" that it would have changed the outcome of the administrative proceedings. *Id.*

Here, Plaintiff has not met his burden of showing that the additional evidence is material to the question of whether he was disabled on or before July 23, 2009. The additional evidence concerns medical diagnoses and treatment received after July 23, 2009. Plaintiff maintains that his current condition was a direct result of his diabetes and argues that the new evidence shows 30 years of a history of "not particularly well-controlled" diabetes, diabetic polyneuropathy, and, in December, 2009, a recent diagnosis of dementia. As the Ninth Circuit instructed in *Mayes*, however, where there is no evidence in the record supporting a conclusion that a condition has developed into a disabling condition, the Court should not speculate to reach such a conclusion. *See Mayes*, 276 F.3d at 462, n.4. The burden is on the Plaintiff to show that the two conditions are related. *Id.* Plaintiff's heart condition and dementia (which even now has not been demonstrated by any medical evidence) was not at issue in the ALJ hearing. Furthermore, because the new evidence did not relate to the relevant period, it is not material to this determination.

As Plaintiff's treating physician, Dr. Dasari's opinion is entitled to "special weight," and if the ALJ chooses to disregard it, he must, at a minimum, "'set forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence.'" *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (1986)). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.2002).

The ALJ's interpretation of the conflicting medical evidence is supported by substantial evidence included in his factual findings. Although Dr. Dasari opined in the RFC that Plaintiff was substantially limited, both Dr. Dasari's treatment notes and the

treatment notes from Plaintiff's other treating physicians of record at El Rio Health Center, Drs. Soltani and Short, contradict Dr Dasari's opinions. Dr. Short, a podiatrist, in Plaintiff's last examination of record found "[n]o activity modifications or restrictions recommended at this time." Tr. 443. Dr. Dasari's treatment notes, contemporaneous with her RFC assessment, indicates right shoulder pain, with reduced range of motion and moderately severe pain, but no other musculoskeletal complaints or observations that would explain the restrictions in Dr. Dasari's RFC limiting Plaintiff in his ability to stand, sit or the need to lie down during the day. Tr. 420-22.  The pain and limitations caused by the shoulder problems as noted by Dr. Dasari in her treatment notes were incorporated into the ALJ's RFC assessment. Tr. 20, ¶ 5. Accordingly, because it was not adequately supported by clinical findings, the ALJ did not err by rejecting Dr. Dasari's conclusory opinion.

Plaintiff argues that the ALJ should have found him disabled under Rule 202.01[2] of the Medical Vocational Guidelines (Grids).  Under the Grids, a claimant who is closely approaching advanced age (*i.e.* 50 to 54) and is found to have a residual functional capacity which is limited to light work will generally not be considered to be disabled when they cannot return to their past relevant work unless they are illiterate and have had only unskilled or no previous work experience. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 2, Rules 202.09.

The ALJ determined that Plaintiff has a limited education but is able to communicate in English. Tr. 23, ¶ 8.  Though Plaintiff requested to testify at the hearing through an interpreter (Tr. 26, 190), and testified that he spoke "no" or "very little"

---

[2] Plaintiff argues that according to Grid Rule 202.01 a claimant must be determined disabled if he is approaching advanced age, can perform only light duty activities, and is illiterate or unable to communicate in English. (Doc. 17, at 3.) Grid Rule 202.01, however, applies to claimants of "advanced age," but does not apply to claimants such as Plaintiff, who are only "*approaching* advanced age." Accordingly, Grid Rule 202.01 does not apply to Plaintiff. Presumably, Plaintiff intended to cite Grid Rule 202.09, which applies to claimants "approaching advanced age" and the Court will analyze the argument accordingly.

English (Tr. 30), Plaintiff's Disability Report states that Plaintiff can speak, understand, and read English. (Tr. 140) Plaintiff did not assert that the Disability Report, which is completed in a field office through a face-to-face interview process (see Tr. 137), was completed incorrectly. Furthermore, Plaintiff completed handwritten responses in English to the English language "Exertional Daily Activities Questionnaire," suggesting that Plaintiff is literate to some degree. (Tr. 148) Finally, Plaintiff completed a consultative examination with a psychologist, Francisco Sanchez, Ph.D., and Dr. Sanchez's report indicates that Plaintiff undertook the exam in Plaintiff's primary language, which Dr. Sanchez indicated was "English." Tr. 347.

The Commissioner, not the court, is charged with the duty to weigh the evidence, resolve material conflicts in the evidence and determine the case accordingly.  Reviewing courts must consider the evidence that supports as well as detracts from the examiner's conclusion.  *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).  "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in the evidence, moreover, "if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ."  *Matney v. Sullivan*, 981 F.2d 1016,1019 (9th Cir. 1992)(citations omitted).  At the same time, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Batson,* 359 F.3d at 1198 (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir.1989)).

The ALJ did not err in finding that Plaintiff was able to communicate in English. Plaintiff did not, in fact, claim an inability to speak English in his first field interview Disability Report, and no interpreter was requested. Tr. 136. This was consistent with the medical evidence of record overall, which, though not conclusive, does not indicate any need for interpretation during medical appointments, and does indicate that interviews

were not conducted in English, and does indicate that English was Plaintiff's primary language, and that despite Plaintiff's self-serving testimony that he was unable to speak any English at all, or only very little (Tr. 30), he was able to read and fill in written answers to an English language form of daily activities questionnaire. Tr. 148.

Finally, Grid Rule 202.09 applies to an individual with unskilled, or no work experience. In this case, Plaintiff had semi-skilled work experience (Tr. 41-42), thus, Grid Rule 202.09 does not apply, and the ALJ did not err in finding that Plaintiff did not meet a grid rule.

Last, Plaintiff argues that remand is appropriate in light of a subsequent favorable decision granting benefits as of July 24, 2009.

In this instance, Plaintiff seeks remand to consider new evidence, and thus, is requesting relief pursuant to 42 U.S.C. § 405(g), sentence six. Remand for reconsideration under sentence six of 42 U.S.C. ¶ 405(g) is appropriate only where a plaintiff submits new evidence and further shows that: (1) the new evidence is material to his disability; and (2) he had good cause for failing to submit the evidence earlier. *See Mayes*, 276 F.3d at 462; *see also* 42 U.S.C. ¶ 405(g) (sentence six: a court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record"). To be material, the new evidence must bear "directly and substantially on the matter in dispute," and the plaintiff must show a "reasonable probability" that the new evidence would have changed the outcome of the administrative hearing. *See Mayes*, 276 F.3d at 462.

Plaintiff asserts that the agency's subsequent decision in February 2010, finding disability and awarding benefits as of July 24, 2009, which Plaintiff submitted to the Appeals Council, was new and material evidence warranting remand in this case. Plaintiff, citing a district court case out of the Southern District of West Virginia, argues that remand is warranted when an award is based on an onset date coming in immediate

proximity to an earlier denial of benefits. *Bradley v. Barnhart*, 463 F.Supp.2d 577, 581 (S.D.W.Va. 2006). The District Court in *Bradley*, however, distinguished that case from a Ninth Circuit case which controls the outcome in this case, and which Plaintiff did not cite, which states:

> Under 42 U.S.C. § 405(g), remand is warranted only if there is new evidence that is material and good cause for the late submission of the evidence. New evidence is material if it "bear[s] directly and substantially on the matter in dispute," and if there is a "reasonabl[e] possibility that the new evidence would have changed the outcome of the ... determination." *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir.1984) (internal quotation marks and citations omitted) (emphasis omitted).

> In this case, Bruton's second application involved different medical evidence, a different time period, and a different age classification. For these reasons, the second ALJ's subsequent decision to award benefits [] is not inconsistent with the first ALJ's denial of Bruton's initial application. We therefore hold that the district court did not err in denying Bruton's motion to remand.

*Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001).

Here, the subsequent decision is not material because it concerns a different time period and different medical evidence. The ALJ decision under review in this case is dated July 23, 2009, and concerns the period from August 20, 2007 through July 23, 2009 (Tr. 25). By contrast, the subsequent decision finds disability between July 24, 2009, and February 1, 2010. Tr. 482-83. The subsequent decision specifically states that Plaintiff became eligible for Social Security benefits after the date of the first ALJ's decision. Tr. 482. Thus, the two periods do not overlap and there is nothing inconsistent about the two decisions. Further, though this Court is not definitively aware of what evidence supported the agency's decision to award benefits, as discussed above, the medical evidence submitted concerning Plaintiff's condition at least as of December 2009, indicated the development of heart conditions and possible dementia, two conditions which were not at issue prior to the ALJ's decision. Thus, Plaintiff has not met the burden of showing

- 10 -

materiality.

### III.   CONCLUSION

Because the Court finds that the ALJ's interpretation of the medical opinions is a rational one supported by the evidence, and because the ALJ did not err in failing to find Plaintiff disabled under the Grids, and because Plaintiff did not meet his burden in demonstrating the materiality of either the new evidence or the subsequent award of benefits in order to demonstrate cause for remand, the Court will not reverse the agency's denial of benefits.

IT IS ORDERED:

1.    Defendant's administrative decision denying benefits is affirmed.

2.    The Clerk is directed to terminate this action.

Dated this 6th day of March, 2012.

Bernardo P. Velasco
United States Magistrate Judge